**Hrant ZOHRABYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 05–70306, 05–74289.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed March 18, 2009.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY *, District Judge.

## MEMORANDUM **

Petitioner Hrant Zohrabyan ("Zohrabyan") seeks review of two orders by the Board of Immigration Appeals ("BIA" or the "Board"): (1) the Board's December 20, 2004 order, affirming, without opinion, the decision of the Immigration Judge ("IJ") denying Zohrabyan's application for asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure; and (2) the Board's June 21, 2005 order denying Zohrabyan's motion to reconsider.

Our review is limited to the Board's opinion, except where the Board adopted the IJ's findings. *See Castillo v. INS,* 951 F.2d 1117, 1120 (9th Cir.1991). Where the Board adopts the IJ's findings, as here, we review the decision of the IJ as if it were that of the Board. *See Al–Harbi v. INS,* 242 F.3d 882, 887 (9th Cir.2001). We review the Board's factual determinations under the substantial evidence standard. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under the substantial evidence standard, this court must uphold the Board's findings if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). The Board's factual findings will be reversed only if a reasonable fact-finder would have been compelled to reach a different conclusion. *Id.* at 483, 112 S.Ct. 812.

Zohrabyan fled from persecution in his native Armenia to Lithuania in 1996. His father was the publisher of an anti-government newspaper in Armenia. Zohrabyan's brother had been kidnapped in an attempt to silence the father's newspaper and Zohrabyan himself had been arrested and detained. In Lithuania, he set up an import-export business and married a Lithuanian woman whom he had originally met in Armenia. There was nothing in the record to show that Zohrabyan intended to return to Armenia; indeed, one has the impression that he would have been content to continue his life and business in Lithuania prior to the time when the persecution began.

All of this comes from Zohrabyan's testimony, as well as that of his father, who has been living in the United States since

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1997 and who was granted asylum by the United States on January 29, 1999. Zohrabyan's testimony was found largely credible by the IJ and the Board did not disturb that finding. No adverse credibility finding was made as to the father's testimony.

Zohrabyan also testified he had problems with Lithuanian authorities because he was Armenian and generally foreigners are not welcome in Lithuania. Zohrabyan testified about incidents in Lithuania where the police searched his business, interrogated and physically abused him, planted evidence against him, forced him to pay bribes, and threatened to kill him if he stopped making payments. During at least one of these incidents, the police cursed at Zohrabyan, and said to him, "Get out of here, it's not your place, anyway you're not going to survive. Go back wherever you came from."

Based upon this record, the IJ found that the petitioner had firmly resettled in Lithuania. Counsel for the petitioner challenges that finding. An applicant is "firmly resettled" if "prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement." 8 C.F.R. § 208.15. Clearly that finding is supported by substantial evidence and will not be disturbed.

■ The IJ, however, went on to find that Zohrabyan was not subjected to persecution in Lithuania on account of a protected ground, and it is this latter finding that we believe lacks any support in the record. The Secretary of Homeland Security or the Attorney General may grant asylum to any person who qualifies as a "refugee." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined as

any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . . .

8 U.S.C. § 1101(42)(A).

■ The burden is upon the applicant to establish eligibility for asylum. *Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir. 1997). To establish past persecution, an applicant must prove that he was subject to (1) "an incident, or incidents, that rise to the level of persecution"; (2) that the persecution was "on account of" a protected ground; and (3) that such persecution was "committed by the government or forces the government is either unable or unwilling to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir.2000) (internal quotation marks omitted). The IJ's decision states "[a]lthough the Court finds that [Zohrabyan] testified credibly, there is no evidence to support the assertions that [his] problems were [on account of a protected ground]." The IJ gives no suggestion as to what reason other than prejudice on the basis of nationality there may have been for the treatment Zohrabyan received; nor have we been able to find one in the record. When neither the IJ nor the Board made negative findings as to Zohrabyan's credibility, we must accept his testimony as true. *See Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000). An applicant may establish his case for asylum through his own testimony alone. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). Thus, the IJ's conclusion that Zohrabyan

was not persecuted on account of a protected ground was not supported by any evidence in the record. Zohrabyan is eligible for asylum and withholding of removal from Lithuania. Because he firmly resettled in Lithuania, he is not entitled to asylum from Armenia. With regard to his claim for withholding of removal from Armenia, we find that the IJ's determination that Zohrabyan did not establish a likelihood of future persecution is supported by substantial evidence.

We GRANT the petition for review, and REMAND.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.